Green, J.
delivered the opinion of the court.
By the act of 1833, ch. 65, sec. 2, two justices of the peace are empowered to grant a certiorari to remove proceedings from before justices of the peace into the circuit court. It is said this act is unconstitutional, and the circuit court so considered it. This court is of opinion, that the power .secured to the judges of the superior courts by the constitution, in article 5, section 6, and to the judges and justices of the inferior courts in the 7th section of the same article, was only intended to restrain the legislature from abridging .the right of the citizen to this remedy, and not to exclude all power of legislation upon the subject. Hence many acts have been passed by the legislature in furtherance of the intention of the framers of the constitution in this particular. By the act of 1801, ch. 7, sec. 4, it is enacted, that an application for a certiorari to remove proceedings from justices of the peace to the county court, must be made to two justices of the peace within twenty days after the rendition of the judgment. Many other acts regulating this subject have been passed, none of which being an abridgment of the power conferred in the 6th and 7th sections of the 5th article of the constitution, have been regarded as in violation of that instrument. Although the 6th section, before referred to, confers on the judges of the superior courts power to grant a certiorari to remove the transcript of a civil cause from any inferior court of record to the superior court, yet it says nothing about a criminal cause, or the removal of causes from before justices of the peace. But by the act of 1829, chap. 16, sec. 2, the power was conferred on the circuit judges to remove causes into their courts from before justices of the peace; and this they had been in the constant practice *23 of doing before the passage of that act, and also of grant- ° 1 . c . . ing this writ for the removal into their courts oi criminal causes, and causes from military tribunals, in the exercise of a power analogous to that of the court of the Icing’s bench in England. If the assumption in this case, that the constitution having conferred certain powers, the exercise of all other powers upon that subject is excluded, then this practice of the courts, and these acts of the legislature, were all unauthorized. But they have never been so considered; and, manifestly, instead of being infractions of the constitution, are in furtherance of the intention of its framers. The act of 1833, ch. 65, .is not therefore unconstitutional. But this judgment must be affirmed, because these justices bad no power to act upon the petition in this cause. It is addressed, “to the honorable Charles F. Keith, Judge of the 7th judicial circuit in Tennessee.” Although these two justices and judge Keith have concurrent powers upon this subject, yet it is manifest that as the application in the petition was to the judge, the justices had no power to interpose and grant the process which was not requested of them, and the application for which was to another officer, and not before them: Let the judgment be affirmed.
Judgment affirmed.